**BECHTEL POWER CORPORATION, Plaintiff,**

v.

**WYOMING VALLEY BUILDING AND CONSTRUCTION TRADES COUNCIL, AFL–CIO, LOCAL 542, International Union of Operating Engineers, Local 13, International Brotherhood of Boilermakers and Helpers, Local 55, Bricklayers, Masons and Plasterers' International Union of North America, Area No. 1, Keystone District Council of Carpenters, Local 215, Construction and General Laborers Union, Local 41, International Brotherhood of Painters, Decorators and Paperhangers of America, Local 150, Operative Plasterers and Cement Masons International Association of the United States of America and Canada, Local 524, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States of America, Local 489, International Association of Bridge, Structural and Ornamental Iron Workers, Local 401, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Local 90, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States of America, Defendants.**

Civ. A. No. 80–381.

United States District Court, M. D. Pennsylvania.

Aug. 18, 1980.

Robert W. Kopp, Bond, Schoeneck & King, Syracuse, N. Y., James J. Haggerty, Haggerty, McDonnell & O'Brien, Scranton, Pa., for plaintiff.

Ira H. Weinstock, Harrisburgh, Pa., for Wyoming Valley Council, Local 55, Keystone Council & Local 41 and Local 251.

Peter J. Hoegen, Jr., Krohn & Hoegen, Wilkes-Barre, Pa., Thomas W. Jennings, Sa-got & Jennings, Philadelphia, Pa., for Local 150.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Plaintiff Bechtel Power Corporation filed this action to recover damages it allegedly incurred as a result of an unlawful strike and work stoppage which occurred at its Susquehanna Project site in Berwick, Pennsylvania, beginning on April 9, 1980. Defendant Local 150, Operative Plasterers and Cement Masons International is one of several unions which allegedly took part in the walk-out, in violation of the terms of the collective bargaining agreement. Plaintiff filed this action pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which allows suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce to be brought in the district courts.

Defendant Local 150 filed a Motion to Dismiss Plaintiff's complaint for failure to exhaust the exclusive and mandatory grievance procedures provided in the contract and contends that the matter is properly subject to arbitration under the grievance procedures outlined in the agreement, so that the court lacks jurisdiction.

Article XIII of the collective bargaining agreement concerns grievance and arbitration procedures, and provides:

"In the interest of uninterrupted progress on any and all work covered by this agreement, and providing an orderly procedure for binding resolution of all disputes which may arise, the parties hereby agree that all questions or grievances involving the meaning, interpretation and application of this Agreement, other than trade jurisdictional disputes arising under Article XII or damages arising from any work stoppage or lockout, shall be handled under the following procedures."

Arbitration of labor disputes is a federally favored policy under the Labor Management Relations Act, 29 U.S.C. § 141

et seq. Consequently, although the parties are bound to arbitrate only those disputes which they have agreed to arbitrate, all doubts or ambiguities should be resolved in favor of arbitration. In effect, there is a presumption in favor of arbitrability which should be dispelled only when the agreement explicitly exempts certain conduct from arbitration, or when the terms of the agreement, read as a whole, clearly envision non-arbitrability. *Controlled Sanitation Corporation v. District 128, International Association of Machinists and Aerospace Workers, AFL–CIO*, 524 F.2d 1324 (3d Cir. 1975).

The Supreme Court expressed the principle in *United Steelworkers of America v. Warrior & Gulf Co.*, 363 U.S. 574, 581–583, 80 S.Ct. 1347, 1352–1353, 4 L.Ed.2d 1409 (1960) in the following language:

> "Apart from matters that the parties specifically exclude, all of the questions on which the parties disagree must therefore come within the scope of the grievance and arbitration provisions of the collective bargaining agreement. . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage . . ."

A collective bargaining agreement is a contract between the parties, and must be examined in light of the usual principles of contract interpretation, as well as in light of federal policy. Where the language of a contract is clear and unambiguous, and leads to a meaning which is both reasonable and sensible there is no need to look beyond it in search of some other intention. *F. D. Rich Company v. Wilmington Housing Authority*, 392 F.2d 841, 842 (3d Cir. 1968) 4 Williston on Contracts § 609 (3d ed. 1961).

Defendant contends that the Article XIII language that exempts disputes involving "damages arising from any work stoppage or lockout" from coverage under the grievance procedure does not apply to the case at bar. Defendant claims that this lawsuit involves first the question of liability for any alleged work stoppage, and that as disputes on this issue are not specifically excepted from arbitration, the issue is arbitrable.

However, the court is not persuaded by this interpretation of the arbitration provision. The language is clear and unambiguous, and therefore is to be given its plain meaning. The contract explicitly exempts "all questions or grievances other than those involving . . . damages arising from any work stoppage or lockout" from the arbitration process.

This is an action to recover damages allegedly suffered by the contractor as a result of an illegal work stoppage. It is clearly within the exception provided in the contract and is therefore not subject to the arbitration procedure, but may be tried in the district court.

Therefore, the Defendant's Motion to Dismiss must be denied, and the Plaintiffs will be allowed to proceed with the lawsuit.